**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
**Thompson Guerrier**

|  |  |
|---|---|
| **CHAPTER:** | **13** |
| **CASE NO.** | **1:25-bk-02253 HWV** |

**Debtor(s)**

| ☐ | ORIGINAL PLAN |
|---|---|
| 1st | AMENDED PLAN (indicate #) |
| 0 | Number of Motions to Avoid Liens |
| 1 | Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

## 1. PLAN FUNDING AND LENGTH OF PLAN.

### A. Plan Payments From Future Income

1. To date, the Debtor paid **$1,748.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$25,783.00** plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 2/2026 | 8/2030 | $437.00 | | $437.00 | $24,035.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $24,035.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*
   - ☑ Debtor is at or under median income.
     *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   - ☐ Debtor is over median income. Debtor estimates that a minimum of $ Enter text here must be paid to allowed unsecured creditors in order to comply with the Means Test.

### B. Additional Plan Funding From Liquidation of Assets/Other

1. The Debtor estimates that the liquidation value of this estate is **$0.00** (Liquidation value is calculated as the value of all non- exempt assets after the

2

deduction of valid liens and encumbrances and before the deduction of
Trustee fees and priority claims.)

*Check one of the following two lines:*

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ Enter text here from the sale of property known and designated as Enter text here. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: Enter text here

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: Enter text here

## 2. SECURED CLAIMS.

### *A.* **Pre-Confirmation Distributions.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

☒ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| Quantum3 Group, LLC as agent for GoodLeap, LLC (Solar Panel) (Claim 24) | 8024 | $107.47 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

3

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Service, LLC | 66 South Main Street, Seven Valleys, Pennsylvania | 7662 |

**C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PennyMac Loan Services, LLC | 66 South Main Street, Seven Valleys, Pennsylvania | Per allowed proof of claim ($9,165.15 est.) | | Per allowed proof of claim ($9,165.15 est.) |
| Springfield Township Sewer Authority (Claim 25) | 66 South Main Street, Seven Valleys, Pennsylvania | Per allowed proof of claim ($1,557.80 est.) | | Per allowed proof of claim ($1,557.80 est.) |

4

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**   *Check One:*

    ☑ None.
    *If this is checked, the rest of § 2.D need not be completed or reproduced.*

    ☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |

**E. Secured claims for which a § 506 valuation is applicable.**   *Check One:*

    ☐ None.
    *If this is checked, the rest of § 2.E need not be completed or reproduced.*

    ☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an

5

unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| Quantum3 Group, LLC as agent for GoodLeap, LLC (Solar Panel) (Claim 24) | Solar Panels | $5,000.00 | 10.5% | $6,448.00 | PLAN |

**F.  Surrender of Collateral.**  *Check One:*

☐  None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

☒  The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| Capital One Auto Finance (Claim 20) | 2021 Chevrolet Spark |

**G.  Lien Avoidance.**  *Do not use for mortgages or for statutory liens, such as tax liens.  Check One:*

☑  None.
*If this is checked, the rest of § 2.G need not be completed or reproduced.*

☐  The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this §

6

should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include<br>court and docket number. | | | |
| Description of the<br>liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. <u>Administrative Claims</u>

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees</u>. Complete only one of the following options:

   a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of <u>$5,000.00</u> in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ Enter text here. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

   ☑ None.
   *If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   ☐ The following administrative claims will be paid in full.

7

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

### B. Priority Claims (including certain Domestic Support Obligations).

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Pennsylvania Department of Revenue | Per allowed proof of claim ($1,099.59 est.) |

### C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one:*

□     None.
       *If this is checked, the rest of § 3.C need not be completed or reproduced.*

□     The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

## 4. UNSECURED CLAIMS.

### A. Claims of Unsecured Nonpriority Creditors Specially Classified. *Check one:*

☑     None.
       *If this is checked, the rest of § 4.A need not be completed or reproduced.*

□     To the extent that funds are available, the allowed amount of the following

unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

☑ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☒ closing of case.

7. **DISCHARGE:** *(Check one)*

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8.  ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9.  NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Enter text here

Dated: January 15, 2026

s/Chad J. Julius
Attorney for Debtor

s/Thomson Guerrier
Debtor

Enter text here
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

10

## IN THE UNITED STATES BANKRUPTCY COURT
## OF THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: **Thompson Guerrier** :
:    Case No: 1-25-bk-02253-HWV
    Debtor, :    Chapter 13

  Notice is hereby given that Thompson Guerrier (the "Debtors") have filed a **1st Amended Chapter 13 Plan** (the "Plan"). The hearing on confirmation of the Plan of reorganization of the Debtor is scheduled for **February 18, 2026 at 9:30 a.m.** The hearing will be held at the United States Bankruptcy Court, Courtroom 4B of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102.

**February 11, 2026** is the deadline for filing objections to confirmation of the Plan. Anyone wishing to object to the Plan must do so in writing. Any objection shall be in accordance with the Federal Rules of Bankruptcy Procedure, must set forth specifically the basis for such objection, and must be filed with the Clerk of the United States Bankruptcy Court at the address set forth below on or before **February 11, 2026.** The objecting party shall appear at the hearing. Unless objections are timely filed and the objecting party appears at the hearing, the Court may approve the Plan. A copy of any objection to the Plan must be served on Debtor's counsel, 8150 Derry Street, Harrisburg, Pennsylvania 17111, facsimile 717-909-7878, such that they have receipt of such objection on or before **February 11, 2026.**

Initial requests for a continuance of hearing (L.B.F. 9013-4, Request to Continue Hearing/Trial with Concurrence) shall be filed with the Court. Requests received by the Court within twenty-four (24) hours of the hearing will not be considered except in emergency situations. Additional requests for continuance must be filed as a Motion.

Requests to participate in a hearing telephonically shall be made in accordance with L.B.R. 9074-1(a).

   ***Please note that evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined during the confirmation hearing that an evidentiary hearing is required, the evidentiary hearing will be scheduled for a future date.***

Copies of all documents filed in connection with this matter are available for inspection at the Clerk's office located on the 3rd floor of the Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania 17102

      CLERK
      UNITED STATES BANKRUPTCY COURT
      MIDDLE DISTRICT OF PENNSYLVANIA
      THE SYLVIA H. RAMBO COURTHOUSE
      1501 N. 6th Street
Date: January 15, 2026   HARRISBURG, PA 17102

1

## CERTIFICATE OF SERVICE

I, Dera Shade, with Jacobson, Julius & Harshberger do hereby certify that on this day I

served the within *Notice to Parties in Interest and First Amended Chapter 13 Plan* upon the

following persons via the ECF/CM or Certificated Mail system and/or by depositing a true and

correct copy of the same in the United States Mail, first class, postage prepaid:

<u>ECF/CM:</u>
Jack N Zaharopoulos (Trustee)

U.S. Trustee

<u>VIA CERTIFIED MAIL – RETURN RECIPT REQUESTED</u>
**Attention Corporate Officer/Bankruptcy Department.**
**Quantum³ Group, LLC**
22102 17th Ave. SE, Suite 220
Bothell, Washington 98021

<u>VIA FIRST-CLASS MAIL</u>

All other creditors on the mailing matrix (attached).

DATED: January 15, 2026                    s/Dera Shade _____

Label Matrix for local noticing
0314-1
Case 1:25-bk-02253-HWV
Middle District of Pennsylvania
Harrisburg
Thu Jan 15 09:47:17 EST 2026

Springfield Township York County Sewer Autho
P.O. Box 75
Seven Valleys, PA 17360-0075

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One N.A.
by AIS InfoSource LP as agent
PO Box 71083
Charlotte, NC  28272-1083

Comenity/Burlington
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Eng Lending
Attn:  Bankrutpcy
3508 Laramie Dr Ste 2b
Bozeman, MT 59718-2006

Genesis FS Card Services
Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076-4401

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Capital One Auto Finance, a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

Ally Credit Card/cws
Po Box 9222
Old Bethpage, NY 11804-9222

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

Capital One Auto Finance
Attn: Bankruptcy
7933 Preston Rd
Plano, TX 75024-2302

Capital One, N.A., successor by merger to Di
P.O. Box 3025
New Albany, OH 43054-3025

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113-2273

Fingerhut
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

GoodLeap Llc.
Attn: Bankruptcy
8781 Sierra College Blvd
Roseville, CA 95661-5920

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Merrick Bank
PO Box 10368
Greenville, SC 29603-0368

Affirm, Inc.
Attn: Bankruptcy
650 California St, Fl 12
San Francisco, CA 94108-2716

Ally Lending
PO Box 653074
Dallas, TX 75265-3074

Avant/WebBank
222 North Lasalle Street
Suite 1600
Chicago, IL 60601-1112

Capital One Auto Finance, a division of
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Citibank
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054-3025

Fingerhut Fetti/Webbank
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

GoodLeap, LLC
8781 SIERRA COLLEGE BOULEVARD
Roseville, CA 95661-5920

Kohl's
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201-3043

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

MARINER FINANCE
8110 CORPORATE DR
NOTTINGHAM, MD 21236-5034

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Mariner Finance, LLC
Attn: Bankruptcy
8211 Town Center Drive
Nottingham, MD 21236-5904

Mercury/FBT
Attn: Bankruptcy
Po Box 84064
Columbus, GA 31908-4064

Merrick Bank
PO Box 10368
Greenville, SC 29603-0368
Merrick Bank
PO Box 10368
Greenville, SC 29603-0368

Merrick Bank/Card Works
Attn: Bankruptcy
P.O. Box 5000
Draper, UT 84020-5000

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Nelnet
Attn: Claims
Po Box 82505
Lincoln, NE 68501-2505

OneMain Financial Group, LLC
PO Box 981037
Boston, MA 02298-1037

Pennsylvania Department of Revenue
Bankruptcy Division
PO Box 280946
Harrisburg, PA 17128-0946

PennyMac Loan Services, LLC
Attn: Correspondence Unit
Po Box 514387
Los Angeles, CA 90051-4387

PennyMac Loan Services, LLC.
P.O. Box 2410
Moorpark, CA 93020-2410

Quantum3 Group LLC as agent for
GoodLeap
PO Box 788
Kirkland, WA 98083-0788

Quantum3 Group LLC as agent for
Mercury Financial/First Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Springfield Township Sewer Authority
P.O. Box 75
Seven Valleys, PA 17360-0075

Synch/Care Credit
Attn: Bankruptcy
Po Box 965064
Orlando, FL 32896-5064

Synchrony Bank
by AIS InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

Synchrony Bank/Gap
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/HHGregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Sams
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony/Ashley Furniture Homestore
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony/PayPal Credit
Attn: Bankruptcy
Po Box 965064
Orlando, FL 32896-5064

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102-1104

WebBank/OneMain
Attn: Bankruptcy
215 South State Street, Suite 1000
Salt Lake City, UT 84111-2336

Wells Fargo Bank
Attn: Bankruptcy
1 Home Campus, 3rd Floor Mac X2303-01a
Des Moines, IA 50328-0001

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Chad J. Julius
Jacobson, Julius & Harshberger
8150 Derry Street
Harrisburg, PA 17111-5212

(p)JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

Thompson Guerrier
66 South Main Street
Seven Valleys, PA 17360-9604


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems, LLC
PO BOX 7999
SAINT CLOUD, MN 56302-9617

MOHELA
Attn: Bankruptcy
633 Spirit Dr
Chesterfiled, MO 63005

(d)Mohela/dept Of Ed
633 Spirit Drive
Chesterfield, MO 63005


(d)US Department of Education/MOHELA
633 Spirit Drive
Chesterfield, MO 63005

Jack N Zaharopoulos
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)PENNYMAC LOAN SERVICES, LLC

(d)Capital One Auto Finance, a division of Ca
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(d)Merrick Bank
PO Box 10368
Greenville, SC 29603-0368


(u)SYnchrony Bank

End of Label Matrix
Mailable recipients    61
Bypassed recipients     4
Total                  65